HENRY COX *v.* G. H. PERRIN & OTHERS.

**Vendor and Purchaser—Mortgage Lien—Notice.**

　　The purchaser of lands, being advised that other parties held a mortgage on the property, made enquiry of them regarding same, and was informed that the mortgage had been settled by an arrangement between them and the mortgagor: Held, to operate as an estoppel of the mortgagees to foreclose their liens as against the purchaser.

**Same—Pleading.**

　　The failure of the purchaser of the land to rely upon this defense in his original answer to the foreclosure proceedings, held not to be a concession by the purchaser of the rights of the mortgagees to foreclose their lien.

APPEAL FROM HARRISON CIRCUIT COURT.

October 25, 1870.

OPINION OF THE COURT BY JUDGE WILLIAMS:

The right of Cox to relief against the judgment subjecting his land to the payment of the claims of Perrin and E. D. Rowland against Hervy Rowland depend upon whether or not he was misled by them relative to the existence of their mortgage lien, and whether he was induced to make the purchase by reason of assurances upon their part that their said lien had been released. If when applied to by Cox for information, or at a time when they knew he was negotiating for the land, they made statements to him or in his presence, to the effect that their mortgage had been released and thereby encouraged him to purchase they ought not now to be permitted to deprive him of the benefit of such purchase in order to secure themselves from loss.

　The circumstances proven in the case establish beyond cavil that Cox at the time of his purchase in December, 1863, was apprised

of the fact that all the lands of Hervy Rowland were mortgaged to appellees.

Possessing at least ordinary business capacity it is but fair to conclude that when he was about to make his last purchase in May, 1864, Cox would take some steps before closing the contract and paying cash in hand, the entire purchase price to ascertain whether or not the title to the land had been cleared of the encumbrance which existed five months before. The evidence leads us to the conclusion that he did take the precaution to make inquiries relative to this matter of at least one of the mortgagees, when charged by Cox with having assured him before his last purchase that the mortgage had been released, Perrin utterly failed to deny the charge, when upon examination of the records, long after the purchase by Cox, he discovered the fact that the release did not embrace the lands he last purchased, he expressed surprise at the discovery, and stated that he had misinformed Cox as to the fact.

The conduct of Perrin and E. D. Rowland from 1864 down to the early part of the year 1867 can be accounted for only upon the hypothesis that they both believed that they had in accordance with their contract with Hervy Rowland released their mortgages upon all his lands, at the time of the first sale to Cox. Perrin so stated to J. W. Mussellman in the presence of J. F. Mussellman, and the statement of E. D. Rowland in the presence of Hill will bear no other plausible construction. The release executed on the 11th of May, 1867, to Hervy Rowland by Perrin and E. D. Rowland to render him a competent witness in their behalf in the litigation with Ammerman tends to strengthen this conclusion.

We do not agree with the circuit judge that the failure of Cox to rely upon this defense in his original answer, was a concession upon his part of the right of Perrin and E. D. Rowland to foreclose their mortgage, considering all the the circumstances connected with this original answer. We are inclined to the conclusion that Perrin and E. D. Rowland having (innocently perhaps) first misled Cox by representing to him that their mortgage had been released, were then attempting to take advantage of their failure to comply with their agreement with Hervy Rowland, and also to escape the consequences of the deception they had practiced upon Cox, by misleading him as to his legal rights as against them, hoping through him to be able to subject the note in Mussellman's hands to the payment of their liabilities as the sureties

of Hervy Rowland. It is seldom that statements *in pais* are conclusive upon the parties making them. But in this instance they were acted upon by Cox, and to permit them now to be denied, would be ruinous to the interests he acquired in the faith that they were true, and would in effect be a fraud upon him. It appears that Perrin and Rowland are able to pay the debts for which they are liable as the sureties for Hervy Rowland and that the creditor Smith is but a nominal party to this action, not seeking in good faith to be substituted to the rights of the mortgagees, no inury can therefore result to any creditor, whose debt was intended to be secured by the mortgage, and as we conclude that the mortgagees are estopped from asesrting any claim under the same as against Cox, the judgment of the court below subjecting his land to the payment of the claims represented by them is reversed, and the cause remanded with instructions to dismiss their petition, to enforce the judgment in favor of Mussellman, and for further proceedings consistent herewith.

*J. B. Ward, Lindsey,* for appellant.
*Trimble. Ward, Johnson & Brown,* for appellee.